**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| MOHAMED SUMARAY, | *Petitioner,* | |
| v. | | No. 03-1044 |
| JOHN D. ASHCROFT, | *Respondent.* | |

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-165-250)

Submitted: July 14, 2003

Decided: August 19, 2003

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Mohamed Sumaray, Petitioner Pro Se. Linda Anna Dominguez, Louis D. Crocetti, Jr., IMMIGRATION AND NATURALIZATION SERVICE, Baltimore, Maryland; John Ashcroft, Linda Susan Wendtland, Norah Ascoli Schwarz, Gregory Darrell Mack, Cindy S. Ferrier, Blair Timothy O'Connor, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mohamed Sumaray, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying Sumaray's applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Sumaray first claims that the Board erred in affirming the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). We have reviewed Sumaray's challenges to the Board's use of this streamlined procedure and find them to be without merit. *See Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003); *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003); *see also Khattak v. Ashcroft*, 332 F.3d 250, 253 (4th Cir. 2003) (rejecting a challenge to the Board's summary affirmance procedure on retroactivity grounds and concluding that "allowing summary opinions in clear cases is nothing more than a procedural change that does not affect substantive rights"). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(a)(7)(ii).

Next, Sumaray challenges the immigration judge's finding that he failed to demonstrate a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We conclude that the record supports the immigration judge's conclusion that Sumaray failed to establish his

eligibility for asylum. *See* 8 C.F.R. § 1208.13(a) (2003); *Gonahasa v. INS*, 181 F.3d 538, 541 (4th Cir. 1999). As the decision in this case is not manifestly contrary to law, we cannot grant the relief that Sumaray seeks.

Accordingly, we deny Sumaray's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*